**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael ELLENS, Defendant–
Appellant.**

No. 01–3023.

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

Before DAVID A. NELSON, Senior Circuit Judge, and SILER, and CLAY, Circuit Judges.

DAVID A. NELSON, Senior Circuit Judge.

This is an appeal from a judgment of conviction and sentence in a crack cocaine case where the defendant was denied per-mission to withdraw a guilty plea. We shall affirm the district court's disposition of the matter.

I

The United States Drug Enforcement Agency used a confidential informant to purchase crack cocaine from the defendant, Michael Ellens, Jr., on November 4 and November 30, 1999. The purchaser secretly made tape recordings of what was said during the transactions, and he also taped a phone call in which the second sale was arranged. The two purchases were videotaped as well.

A grand jury handed up a two-count indictment charging Mr. Ellens with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). In view of the fact that the defendant's prior record included four Ohio felony drug convictions, the United States Attorney's office notified Ellens it would seek the mandatory life sentence provided for in 21 U.S.C. § 841(b)(1)(A).

The case was originally set for trial on May 22, 2000. Four days before the scheduled trial date Mr. Ellens was granted a continuance. Ellens then hired a new lawyer, Jamie Serrat. Mr. Serrat moved for another continuance, and trial was reset for August 14. A third continuance was requested on August 11, whereupon the trial was put over until October 5. Hoping to get a favorable plea agreement, Mr. Ellens was apparently offering to provide information for use in the prosecution of other offenders.

The United States faxed a proposed plea agreement to Mr. Serrat on September 27, 2000. A final pretrial conference was held on September 28, following which Attorney Serrat conveyed the terms of the government's offer to the defendant. The defendant was told that he had only 24 hours in

which to assent to the agreement, according to testimony subsequently given by Mr. Serrat, although the government denies having set such a deadline. The defendant decided to confer with his family before making up his mind.

On September 29 Mr. Serrat went to the United States Attorney's office and viewed the incriminating videotapes for the first time. (The government had previously been reluctant to show the tapes for fear of revealing the identity of its confidential informant.) Mr. Serrat found the tapes' quality to be "very poor," and he so advised the defendant that evening. The defendant nonetheless decided to accept the plea bargain in order to avoid the risk of a mandatory life sentence.

Mr. Serrat communicated his client's acceptance of the government's offer to an Assistant United States Attorney the following Monday, October 2. In light of the "substantial assistance" provided in the other investigations, Serrat also requested a three-level decrease in the guideline offense level as opposed to the two-level decrease that had been offered.

Mr. Ellens appeared in open court on October 5, 2000, and after a colloquy that established his guilt and his understanding of the terms of the plea agreement he had signed, he was permitted to plead guilty to both counts of the indictment. A sentencing hearing was scheduled for December 12.

According to Mr. Serrat, the defendant began to consider trying to withdraw his guilty plea a week to ten days after it was entered. Early in November, as Mr. Serrat was also to tell the court, the identity of the government's confidential informant having been learned by the defendant, Serrat had a conversation with the informant. The man reportedly said he was not planning to testify against Mr. Ellens and had never planned to do so. On November 30, 2000, Ellens filed a motion to withdraw his guilty plea.

Upon learning that the defendant was attempting to withdraw his plea, a probation officer who was responsible for monitoring the confidential informant attempted to pay the informant a visit. The attempt was not immediately successful, the man having moved (in violation of the terms of his probation) without notifying the probation officer.

The informant was eventually found living with his mother. The probation officer would testify that when he finally spoke to the informant, he was told about a phone call in which Mr. Ellens was said to have warned the informant that he knew about his cooperation with the authorities.

A DEA task force agent was to testify that he had engaged in a similar conversation with the confidential informant. Both the probation officer and the task force agent believed that the defendant had intimidated the informant into not testifying.

The district court convened the defendant's sentencing hearing as scheduled on December 12. Mr. Serrat orally moved for a continuance of the proceedings to allow time for obtaining new counsel. He claimed both that Mr. Ellens was dissatisfied with him and that he could not properly represent Ellens while testifying in connection with the motion to withdraw the guilty plea.

The request for another continuance was denied, and Mr. Serrat was allowed to explain why he thought Ellens should be permitted to withdraw his guilty plea. The court also took testimony from the probation officer and DEA task force agent. Their conclusion that Ellens had intimidated the confidential informant was ultimately accepted by the court.

After denying the motion for withdrawal of the plea, the court sentenced the defendant to imprisonment for a term of 262 months, to be followed by ten years of supervised release. In keeping with a recommendation in the pre-sentence investigation report, the court did not grant an offense-level reduction for acceptance of responsibility. At the government's request, however, the court did grant a three-level reduction for the defendant's substantial assistance in other investigations. The defendant offered no objection to the court's guideline calculations.

## II

### A

The government contends that the defendant has waived his right of appeal through a clause in the plea agreement. Although such plea-agreement waivers are generally binding in the Sixth Circuit, see *United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir.2001), we shall examine the merits of the appeal in this instance.

■ We do so for three reasons. First, the defendant's challenge to the voluntariness of his plea is clearly subject to review on appeal. See *United States v. Stubbs*, 279 F.3d 402, 410–11 (6th Cir.2002). Second, the government concedes that appeals claiming ineffective assistance of counsel cannot be waived.[1] Finally, the plea agreement itself contains a clause permitting appeal where "the Court fail[s] to sentence the defendant in accordance with" the terms of the agreement. Without deciding the precise scope of Mr. Ellens' waiver, we shall assume for purpose of analysis that each of his assignments of error falls within one or another of these categories.

### B

■ Mr. Ellens argues first that he was denied "due process and the right to counsel of [his] choice" when the district court refused to grant him a continuance to retain new counsel.

The decision to grant or deny a motion for a continuance for this purpose is committed to the sound discretion of the trial court. See *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir.1996). In determining whether a trial court has abused its discretion, appellate courts generally consider such factors as the timing of the motion, the sufficiency of the trial court's inquiry into the stated reasons for the defendant's dissatisfaction with his lawyer, and the extent of the conflict between lawyer and client. *Id.*

In the case at bar the request for a continuance to seek new counsel was not presented to the district court until the time set for sentencing. The court had accepted the defendant's guilty plea more than two months earlier, and during that period there had been no objection to the quality of Mr. Serrat's representation. There is nothing in the record prior to December 12 indicating that there was any problem at all between Mr. Serrat and the defendant.

The district judge did not speak directly with the defendant about the alleged need for a substitution of counsel. It might have been preferable to do so, but direct inquiry is not necessary in every case. See *United States v. Iles*, 906 F.2d 1122, 1131 (6th Cir.1990)(no inquiry necessary where "[t]he district court reasonably believed that the problems [between defen-

---

1. The government makes this concession despite the fact that we have allowed such waivers in at least some instances. See *Davila v.* *United States,* 258 F.3d 448, 451–52 (6th Cir. 2001).

dant and counsel] had been solved"). Given the timing of the motion in this case and the lack of any previous evidence that the defendant was dissatisfied with his current lawyer, we conclude the district court did not abuse its discretion in refusing to delay the sentencing.

## C

■ The district court found that Mr. Ellens failed to establish any fair and just reason for withdrawal of the guilty plea. Suggesting that this was error, Ellens contends first that the government was obliged to disclose the allegedly poor quality of the videotapes. Secondly, he contends that Mr. Serrat was ineffective as counsel because he did not discover this supposed defect in the government's evidence earlier. Ellens argues that if either of these contentions is correct, his plea was not knowing and voluntary.

A district court may grant a pre-sentence motion to withdraw a guilty plea for "any fair and just reason." Fed.R.Crim.P. 32(e). The decision to deny such a motion is reviewed only for abuse of discretion. *Mader,* 251 F.3d at 1105. We have set forth seven factors that guide such an inquiry:

> "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *Id.* (quoting *United States v.*

*Bashara,* 27 F.3d 1174, 1181 (6th Cir. 1994)).

This list is non-exclusive, and no one factor is determinative. See *United States v. Bazzi,* 94 F.3d 1025, 1027 (6th Cir.1996).

Nothing in the record before us indicates that the district court abused its discretion here. Mr. Ellens did not move to withdraw his plea until 56 days after he had entered it. He did not assert that he was in fact innocent; he admitted, on the contrary, that the factual narrative in the plea agreement accurately described his behavior. Ellens personally signed the plea agreement, moreover, thus clearly evidencing his assent to a clause acknowledging that the plea was "freely and voluntarily made."

If, as Mr. Ellens contends, the government was required to reveal the poor quality of the incriminating recordings under the rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)—a proposition that strikes us as dubious—the fact remains that Ellens was aware of the potential problem with the government's evidence. This knowledge antedated the acceptance of the plea agreement—a fact that mitigates the failure of defense counsel to inspect the tapes earlier than he did. Prejudice is part and parcel of any ineffective assistance claim, and Ellens obviously cannot show prejudice here. Ellens admittedly having been aware, before entering into the plea agreement, of the problem about which he now complains, we cannot say that his plea was anything other than knowing and voluntary.

## D

■ Mr. Ellens' final contention is that the district court erred in not reducing the guidelines offense level under U.S.S.G. § 3E1.1 by reason of Ellens' purported acceptance of responsibility. Comment 5 to § 3E1.1 says that the sentencing

judge's determination regarding acceptance of responsibility "is entitled to great deference on review." Our cases have accordingly examined such decisions only for clear error. See *United States v. Meacham*, 27 F.3d 214, 217 (6th Cir.1994); *United States v. Smith*, 245 F.3d 538, 546 (6th Cir.2001)(noting also that review is *de novo* where the only issue is the application of law to uncontested facts). A guilty plea does not automatically entitle a defendant to an acceptance-of-responsibility reduction. U.S.S.G. § 3E1.1, comment 3.

In the plea agreement at issue here the government promised to move for a three-level reduction under § 3E1.1 "so long as the defendant's conduct continues to reflect his acceptance of responsibility." After he signed the agreement, however, Mr. Ellens attempted to withdraw his guilty plea and, on the advice of his attorney, refused to cooperate with the probation office. The pre-sentence investigation report therefore did not recommend an acceptance-of-responsibility reduction. At the sentencing hearing, noting the defendant's "failure to accept responsibility in this case," the government did not suggest a reduction. In view of the defendant's attempt to retract his guilty plea, we do not believe that the government broke its promise—nor do we believe that the district court committed clear error in not using § 3E1.1.

In any event, Mr. Ellens failed to make a contemporaneous objection to the sentencing calculation. Absent plain error on the part of the district court, such a failure constitutes a waiver of the issue on appeal. See *United States v. Barnes*, 278 F.3d 644, 645 (6th Cir.2002). We discern no plain error here.

**AFFIRMED.**