**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4737**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JOSHUA LACY HALL,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Senior District Judge.  (1:06-cr-00299-WLO)

Submitted:  January 30, 2009       Decided:  February 17, 2009

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY JOHNSON BLACKMON LEE & LAWSON, LLP,
Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner,
United States Attorney, David P. Folmar, Jr., Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Lacy Hall appeals the 140-month sentence he received following his guilty plea to one count of conspiring to manufacture 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). Hall's sole contention on appeal is that the district court erred in not awarding him a reduction for his acceptance of responsibility, as authorized by U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2006). For the reasons set forth below, we affirm.

We review a sentencing court's decision to grant or deny a reduction for the defendant's acceptance of responsibility for clear error. United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004); United States v. May, 359 F.3d 683, 688 (4th Cir. 2004). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). We accord the district court's decision to grant or deny an acceptance of responsibility reduction great deference. Id. (citing USSG § 3E1.1, cmt. n.5 (2005)).

Pursuant to USSG § 3E1.1, a defendant may be given a two- or three-level reduction in his offense level if he clearly

2

demonstrates that he has accepted responsibility for the offense. In order to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." May, 359 F.3d at 693 (internal quotation marks and citation omitted).

Hall maintains he was eligible for the reduction by virtue of his guilty plea, despite the fact that, after pleading guilty, he informed the probation officer that he wished to withdraw his guilty plea and that he was not involved in selling or manufacturing methamphetamine. Hall's argument fails. A guilty plea reflects some level of acceptance of responsibility, but does not automatically entitle a defendant to the reduction. USSG § 3E1.1, cmt. n.3; May, 359 F.3d at 693. Application Note 3 to § 3E1.1 clearly establishes that it is a guilty plea "combined with truthfully admitting the conduct comprising the offense of conviction" that is "significant evidence of acceptance of responsibility."

Although Hall did admit his illegal conduct at the Fed. R. Crim. P. 11 hearing, his statements to the probation officer denying his involvement in the conspiracy and indicating his desire to withdraw his guilty plea negated the impact of that admission. Application Note 3 establishes that a guilty plea "may be outweighed by conduct . . . that is inconsistent

3

with such acceptance of responsibility." USSG § 3E1.1, cmt. n.3. That is the case here, as Hall's post-admission recantation of his guilt and his denial of his role in the charged offense is clearly inconsistent with accepting responsibility. See May, 359 F.3d at 693-95 (finding district court erred in permitting reduction when presentence report indicated, inter alia, that defendant denied the facts underlying the offense). Although Hall attempted to minimize the significance of his statements at sentencing by averring that he "accept[ed] responsibility for the amount that me and the Government have agreed to" and offering a statement accepting responsibility, these efforts were insufficient to demonstrate acceptance of responsibility. Accordingly, we conclude the district court did not clearly err in declining to grant the reduction.

For the foregoing reasons, we reject Hall's argument on appeal and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4