**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0605n.06

**No. 08-6409**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Sep 13, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| GARY L. WILLIAMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY and GRIFFIN, Circuit Judges; and HOOD, Senior District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Gary Williams appeals his above-Guidelines sentence of 168 months of imprisonment following his pleas of guilty to simple possession of cocaine and crack cocaine, arguing that his sentence is procedurally and substantively unreasonable. We affirm.

I.

At 1:00 a.m. on August 11, 2005, Officers Rabun and Wade of the Johnson City, Tennessee, Police Department stopped Williams's car after observing a non-functional brake light. The officers asked Williams, the driver and sole occupant of the vehicle, to exit. As he did so, Williams dropped his wallet. Officer Rabun told Williams to pick up the wallet and observed a plastic bag of a white, powdery substance beside the wallet. Williams bent down to retrieve the items, and, upon rising,

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

he attempted to flee. In an effort to prevent Williams from escaping, Officer Rabun grabbed the back of his shirt. Williams responded by twice punching Officer Rabun in the face. At this point, backup officers had arrived at the scene, and one of them tackled Williams. Williams resisted the officers' efforts to subdue him and shoved the plastic baggie into his mouth. After Officer Wade tasered Williams twice, Williams spit the baggie out. Williams was then placed in the patrol car, where he kicked out the rear driver's side window. Subsequent laboratory tests revealed that the plastic baggie contained 11.1 grams of crack cocaine, 1 gram of powder cocaine, and 2.2 grams of marijuana.

On February 13, 2007, a four-count indictment was filed in the United States District Court for the Eastern District of Tennessee, charging Williams with being a felon in possession of a firearm and ammunition on August 28, 2006, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One); possession with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base on August 11, 2005, contrary to 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two); possession with the intent to distribute cocaine on August 11, 2005, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Three); and felon in possession of a firearm and ammunition on January 1, 2007, contrary to 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four). On May 12, 2008, pursuant to a plea agreement, Williams pleaded guilty to the lesser-included offenses of simple possession of cocaine base in Count Two and simple possession of cocaine in Count Three, both in violation of 18 U.S.C. § 844(a). In return, the government agreed to dismiss the remaining firearms charges in Counts One and Four.

Approximately one month after pleading guilty, Williams filed a pro se motion to withdraw his plea. His motion asserted that he had bipolar disorder; had not been given his medication on the

day of the plea hearing; and was not competent to enter a valid plea. Williams also stated that he "was not in [his] right mind state and was not thinking about what [he] was doing" or "about the questions" asked by the district court at the plea hearing. Additionally, Williams represented that he "always intended to go to trial . . . ." In his reply to the government's response to the motion, Williams asserted that he was innocent and wanted to exercise his "constitutional right to have a fair and impartial trial . . . ." At the July 28, 2008, hearing on the motion to withdraw the guilty plea, Williams explained that he "was not aware that [he] could catch up to 23 years on this . . . plea that [he] had signed" and that he felt "pressured" and "rushed" into pleading guilty by his attorney and his family. The district court denied Williams's motion, stating in its oral order that "Mr. Williams has not asserted his innocence in either his filings or in his testimony today. In fact, Mr. Williams admits his guilt." The district court also characterized Williams's motion as "a well thought out strategy pursued in an attempt to manipulate this court."

The case proceeded to sentencing. Using the 2007 version of the United States Sentencing Guidelines, the probation officer completed a presentence investigation report ("PSR") that calculated Williams's base offense level at 24 and recommended that no adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 be awarded because Williams had not clearly demonstrated his acceptance of responsibility when he attempted to withdraw his guilty plea and maintained his innocence. The PSR also detailed Williams's extensive criminal history, and included two points as part of the criminal history calculation because Williams committed the current offenses less than two years after his release from state custody on another sentence. *See* U.S.S.G. § 4A1.1(e). Williams's 11 total criminal history points placed him in criminal history category V, resulting in

an advisory Guidelines range of 92-115 months of imprisonment. The probation officer opined that "an upward departure may be warranted" (internal quotation marks omitted) under U.S.S.G. § 2D2.1(b)(1), which requires that, "[i]f the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base, apply § 2D1.1 . . . as if the defendant had been convicted of possession of that mixture or substance with intent to distribute." U.S.S.G. § 2D2.1(b)(1). The probation officer also stated that "an upward variance may be warranted" because Williams "has a history of violent behavior which presents a danger to the community, he is a high risk for recidivism, and has a history of noncompliance."

Williams objected to the probation officer's recommendation not to award a downward adjustment for acceptance of responsibility; the allegations surrounding the August 13, 2008, incident at the Greene County Detention Center; and the factors identified by the probation officer that might justify an upward departure and variance. Williams's sentencing memorandum requested a within-Guidelines sentence. The government's sentencing memorandum sought an above-Guidelines sentence of 360 months of imprisonment, and it also implied that the government had made a mistake when it allowed Williams to plead guilty to simple possession under 21 U.S.C. § 844, rather than to simple possession of crack cocaine under 21 U.S.C. § 841, such that Williams became ineligible for the Career Offender enhancement under U.S.S.G. § 4B1.1, which would have given him an advisory Guidelines range of 360 months to life in prison.

On October 16, 2008, the district court held a sentencing hearing. At the hearing, the district court acknowledged the advisory nature of the Guidelines and informed Williams that his advisory Guidelines range was 92 to 115 months. It stated that the "Guideline range is important to me[,]"

articulated several reasons why he should rely heavily upon it, and opined that "while a district judge

has the . . . clear authority to vary from that Guideline range, [he] in fact should do so only when

there were clear reasons for that course of action." The district court then explained why an above-

Guidelines sentence might be warranted in this case[1] and discussed Williams's "history and

---

[1]The court noted:

> The government suggests that I should impose a sentence more than double that Guideline range; and I have to note that had you gone to trial on the charges in this indictment and had you been convicted – and whether you want to acknowledge it or not, there certainly is a reasonable chance that a jury would have convicted you of the principal charge here – you would in fact have been a career offender under the law, and you would have been facing a sentence of 30 years to life. Your lawyer negotiated for you a very favorable plea agreement here, and it appears to me that he's had to do it in spite of your efforts to resist.

> I have considered, Mr. Williams, rejecting this plea agreement for the simple fact that the Guideline range which results from your plea in this case is so dramatically different from what it would be had you gone to trial and been convicted; however, I'm not going to reject the plea agreement. I'm going to give you the benefit of the bargain you made with the government, a bargain I sense the government is not happy with . . . .

> * * *

> I am required to consider all of the other [18 U.S.C. § 3553(a)] factors, and I generally ask whether or not there is in fact one of those factors that is not adequately taken into consideration by the Guideline range. One of those factors is the nature and circumstances of the offense. It is quite true that you have been convicted of possession offenses in this case; however, the nature and circumstances of these offenses is aggravated for two reasons: first of all is your conduct at the time of the attempted arrest. I cannot overlook, Mr. Williams, the fact that you assaulted this police officer. I cannot overlook that on another occasion which was the subject of the trial that was held in this court that you evaded a police officer.

> And I realize you were acquitted by a jury of that conduct, but you and I both know you were driving that vehicle and you and I both know that your conduct during that incident endangered people's lives. . . . It was reckless, and it exhibited a complete

characteristics" under § 3553(a)(1).[2]  The district court also considered "the need for the sentence

lack of respect on your part for other people.  And I understand that while you have not been convicted of other offenses, that there are a number of other pending charges and past convictions where you have likewise evaded arrest, in some instances in a fashion similar to what you did on the occasion that required your trial in this court, high speed chases along city streets where the risk of harm was exceedingly great.

I also cannot overlook the fact, Mr. Williams, that you are the beneficiary of a very favorable plea agreement in this case.  I have in the past rejected plea agreements under these circumstances; and if I had come to the conclusion that you were simply a person who was beyond redemption, beyond being rehabilitated, that's likely what I would have done in this case . . . .

[2]The court observed:

Mr. Williams, I'll be the first to say that there have been some bad things that have happened to you in your lifetime, and those things are inexcusable; but when things like that happen to you in life, Mr. Williams, you have a choice to make.  You can either become angry and bitter and take out your ang[er] and your bitterness on other people or you can put those things behind you and get on with your life.

I wish I knew the source of your anger.  Hopefully during the time you're in BOP custody you can get some counseling and treatment that maybe will help you identify, if you don't already know, the source of your anger.

* * *

Unfortunately, your anger has been exhibited in a number of cases through violence directed toward others. . . . You assaulted that police officer who was doing nothing more than his job.  You're very lucky somebody didn't get hurt badly that day.  And although the facts surrounding the Greene County Detention Center incident have been contested today, I find by a preponderance of the evidence that you assaulted Lieutenant Key.  You made much of the fact that Lieutenant Key didn't mention it in his statement that he had been in that cell twice, but I find that he was; and I find that the statements of the other correctional officers there corroborate that.  And while you accused Lieutenant Key of bad motives, I find that you are the one that had the bad motives in all this.  But aside and apart from all the words you said, the assault on the officer can't be overlooked.

I also can't overlook the nature of one of your prior felony convictions, which is the

imposed . . . to promote respect for the law" under § 3553(a)(2)(A). It explained that, throughout

his adult life, Williams "displayed an almost total lack of respect for the law and a lack of respect

for authority." As evidence of Williams's disrespect for society's rules, the district court noted that

Williams had refused previously to comply with the terms of a community corrections program and

that Williams continued to be charged with criminal offenses even though he had already served

seven or eight years in custody.[3]

The court then addressed "the need for the sentence imposed . . . to provide [Williams] with

. . . educational or vocational training, medical care, or other correctional treatment" under §

---

aggravated robbery conviction, an offense involving a firearm; and then while I understand that there has been no conviction on some of these charges, paragraphs 34, 45, 46, 47, 48 [of the PSR] all involve allegations of violent behavior. Behavior, that if true, put a large number of people at risk.

[3]The district court elaborated:

This offense occurred 30 days from the date you were released; and despite your effort to dance around it this morning, there have been seven other sets of charges since that time. In other words, you've been arrested and charged with eight different offenses in the three years since your release[] from prison. All of that leads me to the conclusion, Mr. Williams, that there are in fact factors here which are not accounted for in the Guideline calculation.

* * *

You said something a minute ago about your behavior not hurting the public?

* * *

That's an indication to me that you do not understand the harm that can come from your conduct. You are very lucky, Mr. Williams, that you're not standing there in front of me facing a life sentence because somebody died during the commission of one of these offenses.

3553(a)(2)(D). It concluded that there was "no question" that Williams needed treatment for drug addiction and mental illness and recommended that Williams receive the BOP's 500-hour substance abuse treatment program. However, the district court also advised Williams: "You should view what I'm about to do today as your last chance, Mr. Williams. It's certainly the last one you'll ever get from me. And I don't imagine there's any other judge who will look at the paper record here and accept any excuses in the future." Ultimately, because of Williams's favorable plea agreement, violent history and record of noncompliance, assault on Lieutenant Key, and extensive arrest record since his release from prison, the district court sentenced Williams to 168 months of imprisonment, which was 53 months above the top of the Guidelines range. Williams timely appeals.

II.

We review the sentence imposed by the district court "'under a deferential abuse-of-discretion standard' for reasonableness." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "This inquiry has both a procedural and a substantive component." *Lapsins*, 570 F.3d at 772. "A sentence is procedurally unreasonable if the district court failed to calculate (or improperly calculated) the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence." *Id.* (internal citations omitted). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Lapsins*, 570 F.3d at 772 (internal quotation marks and citation omitted). A reviewing court should "take into account the

totality of the circumstances, including the extent of any variance from the Guidelines range. . . . but must give due deference to the district court's decision that the 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. That is because, unlike this court, "[t]he sentencing judge is in a superior position to find facts and judge their import under 3553(a) in the individual case." *Id.* (internal quotation marks and citation omitted).

III.

Williams makes four arguments challenging the procedural reasonableness of his sentence.

A.

First, he argues that the district court clearly erred in rejecting his request for a Guidelines reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. According to Williams, the district court made inconsistent factual findings when it found at the hearing on his motion to withdraw his guilty plea that he had not maintained his innocence but then found the opposite at the sentencing hearing; and the district court clearly erred in finding that "he has not in fact truthfully admitted the conduct comprising the offenses of conviction." These arguments are unpersuasive.

"The determination of whether a defendant has accepted responsibility is a factual question which should be accorded great deference and should not be disturbed unless clearly erroneous." *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996). A decision is clearly erroneous only if this court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Boudreau*, 564 F.3d 431, 435 (6th Cir. 2009) (citations and internal quotation marks omitted). This highly deferential standard of review reflects that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.5

(2007). Further, a Guidelines reduction for acceptance of responsibility is warranted only "[i]f the defendant *clearly* demonstrates acceptance of responsibility for his offense[.]" § 3E1.1(a) (2007) (emphasis added). It is the defendant's burden to prove, by a preponderance of the evidence, that the Guidelines reduction is justified. *Surratt*, 87 F.3d at 821. "A defendant who pleads guilty is not entitled to a reduction as a matter of right." *Id.* As the commentary to § 3E1.1 makes clear, although "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility[,] . . . . this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." § 3E1.1 cmt. 3.

In this case, the district court did not clearly err in finding that Williams failed to establish his acceptance of responsibility for his crimes. Although Williams pleaded guilty, he later attempted unsuccessfully to withdraw his plea. *See, e.g., United States v. Wilder,* 161 F. App'x 545, 554 (6th Cir. 2006) (unpublished) (affirming the district court's denial of an acceptance of responsibility adjustment under § 3E1.1 where the defendant attempted to withdraw his guilty plea);[4] *United States v. Ellens*, 43 F. App'x 746, 751 (6th Cir. 2002) (unpublished) ("In view of the defendant's attempt to retract his guilty plea, we do not believe . . . that the district court committed clear error in not using § 3E1.1."). Moreover, the district court found that Williams did "not in fact truthfully admit[] the conduct comprising the offenses of conviction" because he told the court in his motion to withdraw "that he answered yes to [its] questions [at the guilty plea hearing] because he was advised

---

[4]Unpublished opinions of this court are not precedentially binding under the doctrine of stare decisis but may be considered for their persuasive value. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007).

by his attorney to do so." As the district court explained, "not only is the filing of the motion to withdraw the guilty plea in and of itself inconsistent with acceptance of responsibility, even beyond that Mr. Williams has in fact in his pro se pleadings denied that the answers he gave this court under oath were true . . . ." For these reasons, we hold that the district court's findings and denial of an adjustment for acceptance of responsibility were not clearly erroneous. *Cf. United States v. Hall*, 316 F. App'x 287, 288-89 (4th Cir. 2009) (unpublished) (per curiam) (holding that where the defendant pleaded guilty, subsequently denied his guilt and attempted to withdraw his plea, and then "attempted to minimize the significance of his statements at sentencing by averring that he 'accept[ed] responsibility for the amount that me and the Government have agreed to' and offering a statement accepting responsibility . . . were insufficient to demonstrate acceptance of responsibility.") (alteration in original).

B.

Next, Williams asserts that his sentence is procedurally unreasonable because the district court failed to provide a written statement of reasons in support of its above-Guidelines sentence as required by 18 U.S.C. § 3553(c)(2). Section 3553(c) mandates that the district court "state in open court the reasons for its imposition of the particular sentence" and § 3553(c)(2) additionally requires the district court to state its reasons for imposing a sentence outside the Guidelines range "in the written order of judgment and confinement."[5] Although the government concedes that "Defendant is correct that the district court neglected to provide the required written statement of reasons[,]"

---

[5]This changed with the 2010 Amendments. Subsection (c)(2). Pub. L. 111-174, § 4, struck out "the written order of judgment and commitment" and inserted "a statement of reasons form issued under section 994(w)(1)(B) of title 28."

it counters that the district court's oversight does not constitute reversible error requiring a remand for resentencing. We agree with the United States.

Williams relies on *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008), for the proposition that failing to provide a written statement as required by 18 U.S.C. § 3553(c)(2) is reversible error. *Id.* at 400. However, the issue in *Blackie* was not the mere failure of the district court to put reasons for an upward variance *in writing*; rather, it was the district court's failure to provide any specific reasons for an upward variance *at all*. The court explained that the requirement of providing specific reasons is important "for the public 'to learn why the defendant received a particular sentence'" and also necessary because "without compliance with § 3553(c)(2) we cannot meaningfully review Blackie's sentence." *Id.* at 403. Those rationales do not apply here where the district court gave an extensive explanation for imposing an above-Guidelines sentence on the record. As we explained in *United States v. Poynter*, 344 F. App'x 171 (6th Cir. 2009) (unpublished), "[w]hile this court has emphasized the importance of § 3553(c)(2), it has not vacated a sentence *solely* for failure to meet the statute's written order requirement[,]" *id.* at 181 n.8, and "[w]e do not regard the court's failure to comply with this aspect of § 3553(c) as a basis for resentencing because the court provided a detailed oral explanation of its reasons for sentencing outside the Guidelines." *Id.* at 181; *see also United States v. Mendoza*, 543 F.3d 1186, 1197 (10th Cir. 2008) (footnote omitted) (holding that "[t]he district court's failure to enter a written statement of reasons" as required by § 3553(c)(2) is "not reversible error."); *United States v. Jones*, 509 F.3d 911, 916 (8th Cir. 2007) ("[E]ven if the district court failed to state its reasons with sufficient specificity in a written order of judgment and commitment, we can still affirm if we find the sentence to be reasonable. Therefore we need not

-12-

remand under § 3553(c)(2) because we find Jones's sentence to be reasonable.") (internal citation omitted); *United States v. Thomas*, 313 F. App'x 280, 283 (11th Cir. 2009) (unpublished) ("Although the district court failed to include a written statement of reasons with its judgment, appellant cannot establish that his substantial rights have been affected because the court sufficiently stated on the record the reasons for the sentences it was imposing."). Accordingly, we hold that the district court's failure to comply with the "written" statement requirement of § 3553(c)(2) does not render Williams's sentence procedurally unreasonable.

C.

Williams also argues that the district court committed procedural error by selecting his sentence based upon the allegedly erroneous and conflicting factual finding that he intended to distribute crack cocaine to his girlfriend. Because Williams failed to raise this issue when the district court asked, "Does either party have any objection to the sentence just pronounced that's not been previously raised?," we review the claim for plain error. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004) (holding that plain error review applies to objections that were not raised when the district court asked the appropriate question at the conclusion of the sentencing hearing). To demonstrate plain error, Williams must "show: (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation and internal quotation marks omitted). "[O]nly in exceptional circumstances will we find such error – only, we have said, where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Id.* (citation and internal quotation marks omitted) (alterations in original).

Williams has failed to demonstrate error, let alone error that was plain. During the sentencing hearing, Williams took the stand and testified that he was arrested while on his way to meet his girlfriend with whom he intended to smoke crack cocaine and have sex. When asked by the prosecutor whether he intended to share the crack with his girlfriend, Williams stated: "Well, I was going to smoke. I'm pretty sure I would have shared it. If she hadn't had none, yes, I probably would have smoked with her." At the conclusion of Williams's testimony, which contained numerous inconsistencies, the district court opined: "I'm not sure you even realize what you are saying. . . . You sat here on this witness stand this morning and told me that it was your intention to distribute that crack cocaine." Despite this apparent admission that Williams intended to distribute the crack to his girlfriend, however, the district court gave him the benefit of the doubt and refused to make such a finding: "I'm not going to enhance your sentence based upon a conclusion that you were possessing those drugs for resale when in fact I cannot rest easy with the conclusion that you were." Because the district court did not enhance Williams's sentence based on Williams's alleged intent to distribute crack cocaine to his girlfriend, Williams's argument that his sentence is procedurally unreasonable because the district court improperly relied on that fact is meritless.

D.

Finally, Williams argues that his sentence is procedurally unreasonable because (a) the district court failed to recalculate the Guidelines range after determining that an upward variance was warranted; (b) improperly considered the short period of time between his release from state prison and his arrest in this case because "[t]his was a factor already taken into account in the determination of the advisory guideline range"; and (c) erred in awarding him one criminal history point based

upon a misdemeanor escape conviction from Virginia because the PSR provided no information about the offense. These arguments are unconvincing.

Williams's first argument fails because this court has held that "[t]here is no requirement" that a district court "specify a new, adjusted sentencing range" after it concludes that a sentence above the Guidelines range is warranted. *United States v. Herrera-Zuniga*, 571 F.3d 568, 588-89 (6th Cir. 2009) (holding that the district court did not err "by failing to specify a final, adjusted sentencing range" because "we apply a presumption of reasonableness only to sentences falling within the initial sentencing range recommended under the Guidelines, [and] there [is] . . . no intrinsic need to specify an adjusted sentencing range to aid our appellate review."). Williams's argument that the district court improperly considered the short period of time between his release from state prison and his arrest in this case also lacks merit because, while the fact may have influenced Williams's Guidelines range, it also impacts several of the 18 U.S.C. § 3553(a) factors, including his history and characteristics, the need to protect the public, the promotion of respect for the law, and the need to promote deterrence. *Id.* at 590 (holding that the defendant's illegal reentry into the United States only a few months after being deported for the third time justified a "harsher sentence" under "several § 3553(a) factors"); *United States v. Drummond*, 255 F. App'x 60, 68 (6th Cir. 2007) (unpublished) (holding that an above-Guidelines sentence based, in part, on the defendant's commission of new crimes "only nine days after [his] release from confinement . . . ." was not improper). And Williams's contention that the district court erred in awarding him one criminal history point based upon a misdemeanor escape conviction from Virginia because the PSR provided no information about the offense, assuming it is true, is harmless because subtracting the

one criminal history point associated with the alleged misdemeanor escape conviction would have resulted in a total of ten criminal history points, which still yields a criminal history category of V. *See* U.S.S.G. Chap. 5, Part A Sentencing Table. For these reasons, we reject Williams's contention that his sentence is procedurally unreasonable.

IV.

Williams argues that his sentence is substantively unreasonable because the district court failed to consider the 100:1 crack-to-powder disparity. In support of this argument, Williams relies on *United States v. Johnson*, 553 F.3d 990 (6th Cir. 2009), where this court vacated a defendant's sentence and remanded for resentencing "to give the district court an opportunity to impose a sentence with full recognition of its authority to reject and vary from the crack-cocaine Guidelines based solely on a policy disagreement with those Guidelines." *Id.* at 992. However, the present case is distinguishable from *Johnson*. The defendant in *Johnson* was sentenced at the lowest end of the Guidelines range, *id.* at 994, and the district court stated that, "in the Court's judgment, the Court *must* apply the guidelines as of November 1st," *id*. at 996 n.1 (internal citation and quotation marks omitted), thereby "suggest[ing] that, although the disparity issue was before the court, the district judge was not aware of his power 'to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.'" *Id.* at 996 n.1 (quoting *Spears*, 129 S. Ct. at 844). Here, in contrast, there is no plausible argument that the district court would have given Williams a lower sentence based upon the unwarranted disparity caused by the 100:1 crack-to-powder cocaine ratio. The district court properly recognized the advisory nature of the Guidelines and varied *upward* substantially from the higher Guidelines range produced by the 100:1 ratio,

clearly evincing the court's belief that even the higher Guidelines range was an insufficient sentence after considering the § 3553(a) factors. Therefore, a remand would serve no purpose.

Finally, Williams claims that his sentence is substantively unreasonable because the district court did not explain why it selected 168 months; failed to explain why the sentence was the least possible to effect the purposes of 18 U.S.C. § 3553; relied too heavily on Williams's history, characteristics, and circumstances of the offense; and improperly described Williams's plea agreement as "favorable" in purported contradiction to other statements by the district court that "a simple possession conviction was all that would have been borne out by the proof." We disagree.

The district court's thorough explanation demonstrates that it fully and carefully considered the § 3553(a) factors in selecting Williams's sentence. It noted Williams's history of violence and recidivism and expressed doubt, in light of his "denial[s]" and inconsistent explanations, about whether his expression of remorse and desire to change were sincere; it contemplated that Williams was perhaps "somebody who simply cannot be rehabilitated and has to be locked up to protect the public"; and it noted that Williams had "racked up an incredible record of [eight] arrests since [his] release from prison" in 2005. The district court was also particularly concerned with the fact that the present offenses were committed just thirty days after Williams's release from a substantial period of incarceration and that he assaulted the arresting officer, caused a disturbance in the county detention center, and assaulted a corrections officer. However, the district court made several findings that were favorable to Williams, too. It described Williams as a drug addict with mental health problems who comes from a good family and needs help; and it weighed his need for treatment for drug addiction and mental illness and recommended his participation in the BOP's 500-

hour substance abuse treatment program. Considering all these things, the district court did not clearly err in concluding that 168 months imprisonment was "sufficient, but not greater than necessary," to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a).

Additionally, the district court's characterization of the plea agreement as "favorable" was not erroneous. Williams suggests that, because the district court ultimately refused to apply the sentencing enhancement for distribution of drugs, it must have concluded that there was no evidence to support a distribution conviction in this case. That is not so. The district court expressly noted several facts that suggested that Williams intended to distribute the contraband, including the quantity of drugs recovered, his prior conviction for distributing contraband, the lack of paraphernalia in his vehicle indicating that he intended to consume the drugs, and his testimony that he would have shared the drugs with his girlfriend. Because the district court accurately told Williams that "whether you want to acknowledge it or not, there certainly is a reasonable chance that a jury would have convicted you of the principal charge here – you would in fact have been a career offender under the law, and you would have been facing a sentence of 30 years to life[,]" Williams's argument that his sentence is substantively unreasonable because the district court considered the plea agreement "favorable" is simply untenable.[6]

---

[6]Williams also contends that "the sentence imposed in this case is hugely disparate when compared to other sentences imposed in other cases." According to Williams:

> [T]he average length of the sentences imposed across the country in federal courts is far below the sentence imposed on Mr. Williams. The mean length of sentences imposed for simple possession of drugs in 2008 in cases where the defendant was a criminal history V was 27.8 months and the median sentence was 12 months. Even in sentences where defendants were category VI, the mean sentence was 37.5 months.

V.

For these reasons, we affirm.

---

(citing 2008 Sourcebook of Federal Sentencing Statistics). However, Williams's conclusory argument fails. 18 U.S.C. § 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with *similar* records who have been found guilty of *similar* conduct[.]" *Id.* (emphasis added.) Williams makes no argument that his record and conduct, particularly with the aggravating circumstances presented in his case, are similar to the records and conduct of others who have been convicted of simple possession of drugs. In other words, Williams's reliance upon averages and means fails to account for the particular circumstances of his case.