NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0546n.06

Case No. 21-5286

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** Nov 29, 2021 DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KYLE MAXEY, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |
| | ) | |

Before: COLE, KETHLEDGE, and WHITE, Circuit Judges.

COLE, Circuit Judge. Kyle Maxey's first trial ended with a hung jury. On the morning of his second trial, Maxey pleaded guilty to being a felon in possession of a firearm and possessing a stolen firearm. He was sentenced to 70 months. Though he did not contest the district court's sentencing determination at the time, Maxey now appeals his sentence, contending that the court erred when it denied him an adjustment for acceptance of responsibility. Because we conclude the district court did not err, we affirm.

I.

In 2017, Kyle Maxey was indicted on two counts for being a felon in possession of a stolen firearm in violation of 18 U.S.C. §§ 922(g)(1) and (j). He was tried before a jury over the course of four days in May 2019, but the proceedings ended in a mistrial. On the morning his second trial

was scheduled to begin, Maxey pleaded guilty. He then moved to withdraw his guilty plea, but retracted the motion a month later. Probation officers investigated Maxey's criminal history and prepared a Presentence Investigation Report (PSR).

After setting forth the circumstances behind Maxey's arrest, the PSR described the case's unique procedural posture and recommended against an adjustment for acceptance of responsibility. Although the PSR acknowledged that Maxey did not force a second trial, it concluded that a sentencing reduction was unwarranted because he: (1) was tried on these counts; (2) neglected to provide his probation officer with a statement regarding acceptance of responsibility; and (3) tried to withdraw his guilty plea even after it had been entered. Ultimately, the PSR recommended an imprisonment range from 70- to 87-months based on Maxey's total offense level of 20 and a criminal history category of VI.

In his presentencing position paper, Maxey stated he had no objections to the PSR's guideline recommendation. But he did argue that his guilty plea should be considered "either under the Guidelines or as a grounds for a variance/§ 3553 reason." (Position Paper, R. 153, PageID 1053.) At sentencing, Maxey's counsel clarified that Maxey did not object to the PSR's recommendations, but instead requested that the court consider his plea under the Section 3553(a) factors. The court agreed to do so.

After considering Maxey's extensive criminal history and documented mental illness, the court determined that Maxey presented a risk of recidivism and concluded that a 70-month sentence would be appropriate. In so doing, the court emphasized that Maxey would receive credit for the 34 months he had already served and would likely spend "roughly three more years" in confinement. (Sentencing Hr'g Tr., R. 164, PageID 1123.) The court also noted that—by its own calculation—a hypothetical one-point reduction for acceptance of responsibility would have made

little difference in Maxey's sentence because it only would have dropped his guideline range to 63 to 78 months and the 70-month sentence still fell within that range. The court recommended to the Bureau of Prisons that Maxey be assigned to an institution with medical facilities to receive treatment for his mental health. Although he raised no objection to the court's judgment at sentencing, Maxey appealed.

## II.

The sole question before us is whether the district court plainly erred in denying Maxey a sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *See United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). That section permits district courts to reduce a defendant's sentence by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for [the] offense." U.S.S.G. § 3E1.1(a). A defendant may also be eligible for an additional one-point reduction "by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). "The defendant bears the burden of showing that he has accepted responsibility." *United States v. Trevino*, 7 F.4th 414, 431 (6th Cir. 2021) (internal quotations and citation omitted). Defendants must "accept responsibility for all counts" before they can be "entitled to a reduction." *Id.* at 432 (internal modifications, quotations, and citation omitted).

Maxey argues he is entitled to a sentence reduction for two reasons. First, he asserts his admission of guilt was timely because it happened before his second trial began. Second, he contends he took responsibility at sentencing when he truthfully attested to his struggles with substance abuse and mental health. The government counters that Maxey's request for a sentence reduction was properly denied because his admission of guilt came too late and his later efforts to withdraw his guilty plea were inconsistent with an acceptance of responsibility.

We have previously recognized that pleading guilty does not automatically entitle a defendant to an acceptance of responsibility adjustment. *See, e.g.*, *United States v. Thomas*, 933 F.3d 605, 612 (6th Cir. 2019). Although a defendant's guilty plea "constitute[s] significant evidence of acceptance of responsibility," it can be outweighed "by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. 3. For this reason, we have affirmed a district court's denial of an acceptance of responsibility adjustment when a defendant has pleaded guilty and then attempted to withdraw his plea. *See, e.g.*, *United States v. Williams*, 396 F. App'x 212, 219 (6th Cir. 2010) (collecting cases). We have also upheld the denial of acceptance credit when a defendant has waited until the morning of trial to plead guilty. *See, e.g.*, *United States v. Wymer*, 654 F. App'x 735, 756–57 (6th Cir. 2016).

Here, Maxey's actions were inconsistent with an acceptance of responsibility adjustment. Maxey accepted responsibility for his actions on the morning of his second trial, only after he contested his guilt throughout his initial trial. He then tried to withdraw his guilty plea, retracting his motion only after the district court held two hearings on it. The record reveals that the district court correctly calculated Maxey's guideline range, treated the Guidelines as advisory, and properly considered Maxey's admission of guilt under the sentencing factors set forth in Section 3553(a).

III.

We affirm the district court's judgment.