NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0484n.06

No. 23-1154

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 22, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| ANTHONY DARNELL PATTERSON, | ) | |
|     Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: COLE, GILMAN, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Anthony Patterson pleaded guilty to being a felon in possession of a firearm. The district court calculated Patterson's Sentencing Guidelines range at 188 to 235 months' imprisonment but sentenced him below the range to 120 months' imprisonment due to a statutory sentencing cap. Patterson challenges the calculation of his Guidelines range. For the reasons stated below, we AFFIRM.

I.

In 2021, a confidential informant (CI) told the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) that Anthony Patterson, who has four prior felony convictions, was selling firearms in Grand Rapids, Michigan. ATF conducted multiple controlled buys of firearms from Patterson through the CI. The first resulted in the purchase of a stolen Sig Sauer pistol; the second an unregistered Browning 9mm pistol; and the third a Taurus .38 caliber revolver.[1] During the

---

[1] ATF conducted another controlled buy with the CI resulting in the purchase of a Glock 9mm pistol, but on this occasion, the CI reported that he "met with Mr. Patterson's 'boys,'" not

third controlled buy, Patterson told the CI that he carried a firearm for protection and showed the CI a Ruger pistol tucked in his waistband. ATF alerted the Grand Rapids Police Department (GRPD) to Patterson's unlawful possession. ATF then surveilled Patterson after he left the scene in a vehicle. At one point during the surveillance, ATF saw an individual enter Patterson's vehicle for approximately one minute.

GRPD conducted a traffic stop on Patterson's vehicle on December 17, 2021, the same day as the third controlled buy. Patterson had a female passenger in his car at the time of the stop. GRPD found a backpack in the backseat of the car; the backpack bore a ski mask logo that matched the logo on the sweatshirt that Patterson was wearing. The backpack contained two large bags of marijuana, a mason jar filled with loose marijuana flower, and a loaded Ruger pistol.

A grand jury indicted Patterson on two counts of being a felon in possession of firearms based on the first two controlled buys. Patterson pleaded guilty to Count Two, and the government agreed to dismiss Count One. The district court calculated Patterson's Guidelines range at 188 to 235 months' imprisonment. The court sentenced Patterson to 120 months' imprisonment, well below his Guidelines range, due to a statutory sentencing cap. Patterson appeals.

II.

Patterson challenges the district court's application of a four-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[2] That is a challenge to the procedural reasonableness of his

---

Patterson. Presentence Report, R. 91, PageID 91. That controlled buy is not pertinent to this appeal.

[2] Below, the district court also applied a four-level drug-trafficking enhancement under U.S.S.G. § 2K2.1(b)(5). Patterson didn't object and in fact confirmed at sentencing that he was not challenging this enhancement. Whether Patterson waived, or merely forfeited, this objection in the trial court, Patterson doesn't meaningfully challenge the enhancement on appeal, mentioning it only in one line in his opening brief. Apparently from an abundance of caution, the government addresses whether the district court committed plain error by applying the enhancement. But

sentence. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (To fashion a procedurally reasonable sentence, the court must, among other things, "properly calculate the guidelines range."). We review "for abuse of discretion, keeping in mind that factual findings will stand unless clearly erroneous and legal conclusions will stand unless our fresh review leads to a contrary conclusion." *Id.* We give "due deference to the district court's determination that the firearm was used or possessed in connection with the other felony." *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014) (cleaned up).

U.S.S.G. § 2K2.1(b)(6)(B) applies "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." The firearm must have "facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). The district court did not abuse its discretion in applying the enhancement here.

First, Patterson constructively possessed the Ruger pistol found in the backpack. Constructive possession exists when the defendant "knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Crump*, 65 F.4th 287, 295 (6th Cir. 2023) (citation omitted). Importantly, "'the quantum of evidence necessary to' establish constructive possession when a person is in close proximity to the item at issue 'is minimal.'" *Id.* (quoting *United States v. Walker*, 734 F.3d 451, 456 (6th Cir. 2013)). Nonetheless, "the presence of a person near guns alone cannot show the requisite knowledge, power, or intention to exercise control over the firearms." *Id.* (cleaned up). But additional "'incriminating evidence, coupled with presence' can 'tip the scale in favor of

---

Patterson's failure to raise any meaningful challenge to the enhancement on appeal is sufficient by itself to forfeit the issue, so we do not review it. *See Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (Issues "adverted to in a perfunctory manner" are deemed forfeited. (citation omitted)).

sufficiency.'" *Id.* (quoting *United States v. Arnold*, 486 F.3d 177, 183 (6th Cir. 2007)). Direct or circumstantial evidence can make the government's case. *See id.*

Here, there was more than enough evidence to conclude that Patterson constructively possessed the Ruger pistol. There was close proximity—the firearm was found in a backpack in the backseat of the car he was driving. Plus, there was additional evidence of possession beyond proximity. Earlier that day, during the controlled buy, Patterson showed the CI the same kind of firearm tucked in his waistband and told the CI that he carried it for protection. *See United States v. Davis*, 577 F.3d 660, 672 (6th Cir. 2009) (finding as evidence of constructive possession the fact that a witness saw the defendant riding in a car and flashing a gun). And there was a link between the backpack and Patterson—the backpack bore a distinctive logo matching the logo on the sweatshirt Patterson was wearing. Add it up and the district court didn't err by concluding that Patterson constructively possessed the Ruger pistol.

Patterson counters that the government's evidence didn't rule out that the backpack could have belonged to the passenger or the person who briefly entered the car. But we "draw all reasonable inferences in favor of the government." *Id.*; *see also United States v. Acosta*, 924 F.3d 288, 296–97 (6th Cir. 2019). And those inferences point directly to Patterson.

Second, Patterson committed "another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "Another felony offense" is any "federal, state, or local offense" that is "punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* § 2K2.1 cmt. n.14(C). Here, the district court didn't err by concluding that Patterson committed the state-law felony of possession of less than five kilograms of marijuana with the intent to deliver, in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii).

Patterson constructively possessed the marijuana. Like the Ruger pistol, the marijuana was found in close proximity to him in the backseat of the car. The marijuana was in the same backpack as the Ruger, the same kind of gun Patterson had shown the CI earlier that day. And the backpack shared the same unique logo as his sweatshirt. There also was evidence of intent to distribute. The marijuana weighed approximately 789 grams, including packaging weight—over ten times the amount that an individual in Michigan can lawfully transport. *See* Mich. Comp. Laws § 333.27955(a) (explaining that person over 21 in Michigan may transport "2.5 ounces or less" of marijuana). One can infer intent to distribute from a large quantity of drugs. *United States v. Hall*, 20 F.4th 1085, 1107 (6th Cir. 2022). The marijuana also was contained in separate packages. And there was no drug paraphernalia in the car that would suggest personal use. *Cf. United States v. Williams*, 396 F. App'x 212, 223 (6th Cir. 2010) (concluding that the "lack of paraphernalia in [the defendant's] vehicle indicating that he intended to consume the drugs" was evidence of intent to distribute); *People v. Hardiman*, 646 N.W.2d 158, 162 n.5 (Mich. 2002) (finding that "the lack of use paraphernalia" was evidence of the intent to deliver narcotics). There was enough evidence for the district court to conclude that the government had established by a preponderance of the evidence that Patterson violated Mich. Comp. Laws § 333.7401(2)(d)(iii).

Finally, Patterson possessed the Ruger pistol "in connection with" his violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). U.S.S.G. § 2K2.1(b)(6)(B). To show that Patterson possessed the pistol in connection with another felony offense, the government must establish, "by a preponderance of the evidence, a nexus between the firearm and the independent felony." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009) (citation omitted). When it comes to drug-trafficking offenses where a firearm is found in close proximity to the drugs, the comments to

U.S.S.G. § 2K2.1 explain that the firearms enhancement "is warranted because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1 cmt. n.14(B).

Here, what is known as the "fortress theory" makes the connection clear. Under that theory, "a sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction." *Angel*, 576 F.3d at 321 (citation and internal quotation marks omitted). The fortress theory most commonly applies "in cases in which (1) large quantities of drugs have been found (2) 'in close proximity to' the relevant guns themselves." *United States v. Jackson*, 877 F.3d 231, 239 (6th Cir. 2017) (quoting *Seymour*, 739 F.3d at 930)).

The officers found large quantities of drugs—789 grams, over ten times the amount that an individual in Michigan can lawfully transport. The Ruger pistol was found in the same backpack as the marijuana. And Patterson had previously shown the gun to the CI, during a controlled firearms buy, and told the CI that he kept the gun on him for protection. Under the "fortress theory," Patterson possessed the pistol in connection with his violation of Mich. Comp. Laws § 333.7401(2)(d)(iii).

The district court didn't err by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B)

\* \* \*

We AFFIRM.