**UNITED STATES of America,**
**Appellee,**

v.

**Carl D. EDWARDS, Appellant.**

**No. 04–2880.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 10, 2005.

Filed: March 7, 2005.

Laine Cardarella, Kansas City, Missouri, for appellant.

Kenneth M. Warner, Kansas City, Missouri, for appellee.

Before SMITH, HEANEY, and COLLOTON, Circuit Judges.

PER CURIAM.

Carl D. Edwards brings this appeal following the revocation of his supervised release. His attorney has filed a brief on his behalf pursuant to *Anders v. Califor-*

*nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking to withdraw as counsel. Finding no nonfrivolous issues, we affirm the district court's[1] revocation of Edwards's supervised release and accompanying sentence and conditionally grant counsel's motion to withdraw.

Following the completion of his prison term for an armed bank robbery conviction, Edwards was alleged to have violated the conditions of his supervised release. On July 21, 2004, Edwards admitted to violating the terms of his release by unlawfully using a controlled substance. The court then imposed a sentence of five months of imprisonment and three years of supervised release.

■ Given Edwards's admission of the violation, we find no clear error in the district court's findings of fact supporting the revocation and no abuse of discretion in the decision to revoke Edwards's supervised release. *United States v. Carothers,* 337 F.3d 1017, 1019 (8th Cir.2003) (standard of review); *see also* 18 U.S.C. § 3583(e)(3) (empowering the district court to revoke a defendant's supervised release where the defendant violates a supervised release condition).

■ Although the Supreme Court's recent decision in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), significantly changed the state of federal sentencing, its effect on sentences imposed for supervised release violations is far less dramatic. The United States Sentencing Guidelines associated with supervised release violations were considered advisory even before the Court's decision in *Booker.* *See United States v. White Face,* 383 F.3d 733, 738 (8th Cir.2004) (recognizing that the policy

1. The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

statements in Chapter 7 of the guidelines, relating to supervised release violations, are advisory only). Thus, we find no error in the district court's consultation of the guidelines in determining Edwards's sentence. Moreover, our review of the guidelines associated with supervised release violations reveals that, given Edwards's criminal history and the nature of his violation, he received the lowest sentence suggested by the guidelines. USSG §§ 7B1.1, p.s., 7B1.4, p.s. We cannot say that in this instance such a sentence is unreasonable. *Booker*, —— U.S. at ——, 125 S.Ct. at 765 (announcing appellate standard of review for sentences imposed by the district court requires a determination of the reasonableness of the sentence). We thus affirm the district court and grant counsel's motion to withdraw on the condition that Edwards is advised of his right to petition the Supreme Court for certiorari.