**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2005
Decided May 16, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1357

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 4:98CR40124-004-JPG |
| DAYNA GARNER, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

In 1999 Dayna Garner pleaded guilty to four drug counts arising from her involvement in a crack distribution conspiracy, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to a total of 70 months' imprisonment—later reduced under Fed. R. Crim. P. 35 to 47 months—and five years' supervised release. Garner was released from prison in August 2002, and in January 2005 the probation officer moved to revoke her supervised release after she tested positive for marijuana, passed nine bad checks totaling $1,150, and consistently failed to submit monthly reports and to make payments on her fine and special assessment. Garner admitted the violations, and the district court revoked her supervised release and reimprisoned her for 24 months, to be followed by an additional 12 months' supervised release. Garner filed a notice of appeal, but her appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern a nonfrivolous argument for appeal. Garner has not responded to counsel's motion, *see* Cir. R. 51(b), and so we limit our

review to the potential issues counsel identifies in her facially adequate brief.  *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel sees four possible issues.  First she considers arguing that the district court abused its discretion in revoking Garner's supervised release.  But, as counsel recognizes, the judge had no discretion.  The revocation petition alleges that Garner possessed a controlled substance; she admitted the violation, which in any event is supported by a urine screening that tested positive for marijuana, *see United States v. Trotter,* 270 F.3d 1150, 1153-54 (7th Cir. 2001).  And given the admission to possession, the judge was required to revoke her supervised release.  *See* 18 U.S.C. 3583(g)(4); *United States v. Hondras,* 296 F.3d 601, 602 (7th Cir. 2002).

Counsel next considers whether Garner might rely on 18 U.S.C. § 3553(c)(2) to argue that the district court failed to provide a written statement of reasons for imposing a term of imprisonment greater than the range suggested in the guidelines policy statement.  But by its terms § 3553(c) applies only to sentencing, and we are aware of no court extending its mandate to reimprisonment following revocation.  *See United States v. Cotton,* 399 F.3d 913, 915-16 (8th Cir. 2005).  The enactments governing revocation, *see* 18 U.S.C. §§ 3583(c), (g); Fed. R. Crim. P. 32.1, do not require a written statement of reasons and do not reference § 3553(c)(2).  The argument would therefore be frivolous.

Counsel also assesses whether to contend that the district court failed to consider the relevant guidelines policy statements, but, as she recognizes, the argument would be frivolous because the court did consider the suggested range before rejecting it as too short.  No more was required.  *See United States v. Harvey,* 232 F.3d 585, 588 (7th Cir. 2000)

Last, counsel contemplates arguing that Garner's new term of imprisonment is unreasonable.  Two circuits have concluded that *United States v. Booker,* 125 S. Ct. 738 (2005), replaced the "plainly unreasonable" standard we formerly applied to revocations with a "reasonableness" standard applicable now to all sentences, *see United States v. Fleming,* 397 F.3d 95, 99 (2d Cir. 2005); *United States v. Edwards,* 400 F.3d 591, 592-93 (8th Cir. 2005); *cf. United States v. Johnson,* 403 F.3d 813, 817 (6th Cir. 2005) (reserving issue), but if there is any difference of substance between the two formulations, we would not find error under either.  Garner's new term of imprisonment is above the 4- to 10-month range recommended for a Grade B violation and a criminal history category of I.  *See* U.S.S.G. § 7B1.4.  But the court considered the policy statements—noting Garner's Rule 35 reduction for substantial assistance—and relevant statutory factors, and so we agree with counsel that it would be frivolous to argue that the new prison term is unreasonable.  *See United States v. Salinas,* 365 F.3d 582, 588-90 (7th Cir. 2004).; *United States v. Hale,* 107 F.3d 526, 530 (7th Cir.1997)

Finally, counsel correctly observes that—as Garner's counsel at the revocation hearing—she cannot now argue that Garner received ineffective assistance. *See United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999). If Garner has such a claim she can raise it in an application for a writ of habeas corpus under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Cooper v. United States,* 378 F.3d 638, 640 n.1 (7th Cir. 2001).

Counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.