[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14707
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00220-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO ECHARTE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(June 27, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Emilio Echarte appeals his two and one-half year sentence imposed for violating the terms of his supervised release. On appeal, Echarte requests that his case be remanded for resentencing based on the sentencing range being part of an unconstitutional sentencing scheme and argues for the first time that the holdings of Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S.___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) cast serious doubt on the continued validity of the Federal Sentencing Guidelines.

Because Echarte failed to raise a constitutional challenge to his sentence in the district court, we review his claim only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, "[a]n appellate court may not correct an error [that] the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" Id. at 16 (internal citation omitted).

In Apprendi v. New Jersey, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. In Blakely, the Supreme Court, examining the state of Washington's sentencing guidelines, held that the imposition of a sentencing enhancement must be supported by facts that were either admitted by the defendant or found beyond a reasonable doubt by the jury. Blakely, 542 U.S. at ___, 124 S. Ct. at 2538. After the parties filed their briefs in the instant appeal, the Supreme Court issued its opinion in Booker, extending the reasoning of Blakely to the federal Sentencing Guidelines. United States v. Booker, 543 U.S. ___, ___, 125 S.Ct. 738, 749 (2005). In so holding, the Court concluded that it was the mandatory nature of the Sentencing Guidelines that rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at ___, 125 S.Ct. at 749-51. Thus, it concluded that the Guidelines remain in force as written, and, although mandatory application no longer governs, district court judges still "must consult those Guidelines and take them into account when sentencing." Id. at ___, 125 S.Ct. at 767.

Importantly, although the defendants in Booker received sentences including terms of supervised release, because they had just been sentenced, they were not factually postured to face, or suffer from, revocation of supervised release. Accordingly, the Supreme Court had no instance to address the Sixth

3

Amendment implications of 18 U.S.C. § 3583(e) or of Chapter 7 of the sentencing guidelines.

This Circuit also has yet to address sentences imposed under <u>Booker</u> for violations of supervised release.  However, prior to <u>Booker</u>, we have  held that the policy statements of Chapter 7 of the Sentencing Guidelines are merely advisory in imposing a sentence upon the revocation of supervised release.  <u>See</u> <u>United States v. Cook</u>, 291 F.3d 1297, 1301 (11th Cir. 2002) (holding that the Sentencing Commission has not yet promulgated any binding probation revocation guidelines; instead, the Sentencing Commission has opted for the flexibility of advisory policy statements, which are nonbinding on the courts);  <u>United States v. Brown</u>, 224 F.3d 1237, 1242 (11th Cir. 2000) (holding  that the district court must consider, but is not bound by, the policy statements of Chapter 7 of the Sentencing Guidelines in imposing a sentence upon the revocation of supervised release). Accordingly, prior to <u>Booker</u>, so long as there was some indication that the district court had considered the guidelines before imposing a sentence outside of the Chapter 7 recommended range, the sentence would be upheld.  <u>United States v. Aguillard</u>, 217 F.3d 1319, 1320 (11th Cir. 2000).   Moreover, just as sentencing for revocation has always been advisory, <u>Booker</u> also allows for advisory

4

sentencing based on factors in § 3553(a). See Booker, 543 U.S. at ___, 125 S.Ct. at 743.

Other circuits that have directly addressed sentences imposed under Booker for violations of supervised release generally have held that the imposition of such sentences did not result in Booker error because the sentencing guidelines associated with supervised release violations were considered advisory before Booker. See United States v. Edwards, 40 F.3d 591, 592-93 (8th Cir. 2005) (granting Anders motion to withdraw after concluding that any Booker challenge to appellant's sentence following revocation of supervised release was frivolous and explaining that Booker's effect on sentences imposed for supervised release violations is "far less dramatic" because the Sentencing Guidelines associated with supervised-release violations were considered advisory even before Booker); United States v. Fleming, 397 F.3d 95, 101 (2d Cir. 2005) (holding that defendant's two-year sentence for "massive" violations of supervised release was "reasonable" under Booker, and that remand was not necessary because, even though the revocation sentence was imposed pre-Booker, the district court appreciated the fact that the guideline sentencing regime was advisory with respect to revocation of supervised release).

No plain error exists in this case because the first prong of the test is not satisfied. The guidelines system concerning revocation of supervised release under which Echarte's sentence was imposed is advisory, not mandatory. Thus, there was no Booker error. Because the first prong is not satisfied, we do not reach the other prongs.

For the above stated reasons, Echarte's sentence is affirmed.

**AFFIRMED.**