

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2006

# USA v. McGee

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2887

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McGee" (2006). *2006 Decisions.* Paper 250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2887
_____

UNITED STATES OF AMERICA

v.

AARON McGEE,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 98-cr-00017-8)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before:  SMITH, FISHER and COWEN, *Circuit Judges*.

(Filed:    November 2, 2006)

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Aaron McGee appeals from an order revoking his supervised release and imposing

a 30-month term of imprisonment.  Based on *United States v. Booker*, 534 U.S. 220

(2005), McGee claims that the District Court improperly calculated his term of imprisonment, thereby violating his Sixth Amendment rights and the Ex Post Facto Clause of the Constitution. We will affirm the judgment of sentence.

**I.**

We write only for the parties and thus will forgo lengthy recitation of the factual and legal background to this case. McGee was sentenced to 60 months in prison to be followed by a five-year term of supervised release after pleading guilty to one count of conspiracy to distribute in excess of five kilograms of cocaine. He did not appeal from the original conviction and sentence or file any post-conviction motions.

After being released from prison, McGee spent three years at liberty before being brought before the District Court for violating conditions of his supervised release. Following a revocation hearing, the District Court found that McGee had violated conditions of his supervised release and sentenced him to a 30-month term of imprisonment. The District Court calculated McGee's suggested Guidelines range as 27-33 months based on the fact that McGee's underlying conviction was a Class A Felony, that his supervised release violation was a Grade A Violation, and that his criminal history category was II. The District Court also stated on the record its consideration of the factors put forth in 18 U.S.C. § 3583(e), the statute governing revocation of terms of supervised release.

On appeal, McGee argues that the District Court incorrectly sentenced him to 30 months. He claims that under *Booker*, the maximum sentence he could have received for

his conspiracy charge was the 168 months authorized by the Sentencing Guidelines. With a sentence of 168 months, his conviction could only have been classified as a Class B Felony. Instead, at sentencing, his underlying conspiracy charge was classified as a Class A Felony based on the maximum penalty of life set out in Title 21. Therefore, he argues, he was improperly sentenced to a five-year term of supervised release associated with a Class A Felony instead of the three-year term of supervised release associated with a Class B Felony. Upon revocation, McGee concludes, he should have been sentenced to no more than 21 months, the maximum Guidelines sentence for revocations based on underlying Class B Felonies.

Even if McGee's argument had merit,[1] he is barred from raising that argument for the first time on appeal from his revocation hearing. The foundation of McGee's argument is that his original term of supervised release was incorrectly calculated at five, rather than three, years. He did not ever appeal that sentence or file any post-conviction motion. Because a sentence imposed upon revocation of supervised release is "most properly viewed as a consequence of the original criminal conviction," *United States v.*

---

[1]We note that it does not. Prior to *Booker*, we held that sentences imposed for violations of conditions of supervised release were not mandatory in the way the Sentencing Guidelines were. *United States v. Schwegel*, 126 F.3d 551, 553 (3d Cir. 1997). Guideline § 7B1.4 never carried with it a mandate to courts to impose the sentence listed. District courts always operated under a discretionary system in the realm of supervised release. *Id.* Our sister courts who have considered this issue post-*Booker* agree that *Booker* has not affected the imposition of terms of supervised release or sentencing for violations of that supervised release. *See*, *e.g.*, *United States v. Hinson*, 429 F.3d 114, 118 (5th Cir. 2005); *United States v. Work*, 409 F.3d 484, 490 (1st Cir. 2005); *United States v. Edwards*, 400 F.3d 591, 592 (8th Cir. 2005).

*Dozier*, 119 F.3d 239, 241 (3d Cir. 1997) (questioned on other grounds), a defendant may not bring up on an appeal from a revocation of supervised release an argument attacking his underlying sentence. *United States v. Stine*, 646 F.2d 839, 844 (3d Cir.1981). He must raise that argument on a direct appeal. By failing to do so, McGee waived his right to attack his sentence now. *United States v. Pultrone*, 241 F.3d 306, 308 (3d Cir. 2001).[2]

## II.

As a final attempt to reduce his term of imprisonment, McGee argues that the District Court violated the Ex Post Facto clause. McGee failed to raise that argument before the District Court, reducing our review to plain error. Fed. R. Crim. P. 52(b); *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001). However, even if our review were more rigorous, McGee's argument must fail. Recently this Court has joined unanimous courts of appeals in rejecting ex post facto arguments under *Booker*. *United States v. Pennavaria*, 445 F.3d 720, 724 (3d Cir. 2006); *see also United States v. Lata*, 415 F.3d 107 (1st Cir. 2005); *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005); *United States v. Jamison*, 416 F.3d 538 (7th Cir); *United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005). Under *Pennavaria*, McGee's ex post facto argument fails for two reasons. First, the Supreme Court "clearly instructed that both of its [*Booker*] holdings should be applied to all cases on direct review." *Id.* Second, McGee had fair warning

---

[2]While McGee's counsel argued at the revocation hearing that McGee could not have been required to expect the *Booker* decision at the time he was convicted, this Court has clearly rejected that contention. *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) (holding that *Booker* is not retroactive).

that conspiracy to distribute cocaine was punishable under Title 21 by as much as life in prison and brought with it a five-year term of supervised release. We see nothing in McGee's argument to suggest we should reconsider our holding in *Pennavaria*.

For these reasons, we will affirm the sentence imposed by the District Court.