# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4130

_____

United States of America,

Appellee,

v.

John F. White, Jr.,

Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: December 27, 2006
Filed: January 8, 2007

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

John F. White, Jr., appeals the 24-month sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.

White was originally found guilty of witness tampering, in violation of 18 U.S.C. § 1512(b) (a Class C felony), and was sentenced in August 1996 to 36 months in prison and 3 years of supervised release. See 18 U.S.C. § 1512(b) (10-year maximum prison term); 18 U.S.C. § 3559(a)(3) (offense classification). He began

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

serving his supervised release in October 1997. In January 1998, the district court issued a warrant for White's arrest for violating a condition of his supervised release. At a November 2005 hearing, White admitted several violations of his conditions of supervised release, and the court imposed the statutory maximum of 24 months in prison. See 18 U.S.C. § 3583(e)(3) (2-year maximum revocation sentence if underlying offense was Class C felony).

We hold that the district court did not abuse its discretion in revoking White's supervised release. See United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) (given defendant's admission that he had violated release conditions, there was no clear error in findings of fact supporting revocation and no abuse of discretion in decision to revoke). We further hold that the 24-month revocation sentence was not unreasonable and therefore not an abuse of discretion. Specifically, the sentence was within authorized limits and was based upon the district court's consideration of appropriate factors under 18 U.S.C. § 3553(a). See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor; although Guidelines recommended 8-14 months, 24-month revocation sentence was not abuse of discretion where transcript showed court was aware of defendant's multiple violations of supervised-release conditions and of Guidelines range and statutory maximum).

Accordingly, we affirm. Counsel's motion to withdraw is granted.

_____