# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3810

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Sharita Hobbs, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 10, 2009
Filed:  October 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sharita Hobbs appeals the sentence the district court[1] imposed after revoking her supervised release.  Upon review, we conclude that the district court did not clearly err in finding that Hobbs had violated the conditions of her supervised release, and thus did not abuse its discretion in revoking her supervised release.  See United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) ("Given [defendant's] admission of the violation, we find no clear error in the district court's findings of fact supporting the revocation and no abuse of discretion in the decision

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

to revoke."). We also conclude that Hobbs's revocation sentence of 12 months and 1 day in prison plus 1 year of supervised release is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)). First, the revocation sentence does not exceed statutory limits. See 18 U.S.C. § 3583(b)(2) (authorized term of supervised release for Class D felony is 3 years), (e)(3) (upon revocation, maximum time defendant may be required to serve in prison is 2 years if offense that resulted in term of supervised release is Class C or D felony), (h) (revocation sentence may include imprisonment and additional supervised release; however, additional supervised release term may not exceed supervised release term authorized by statute for offense resulting in original supervised release, less any revocation prison term). Second, the revocation sentence resulted from the district court's consideration of proper 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3583(e) (specifying § 3553(a) factors courts must consider in revocation decision); United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and § 3553(a) factors).

Accordingly, we affirm the judgment of the district court and we grant counsel's motion to withdraw, subject to counsel informing Hobbs about procedures for seeking rehearing and filing a petition for certiorari.

_____