# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2623

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Kenneth Jay Still,　　　　　　　　 *
　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　*

_____

Submitted: November 18, 2009
Filed: December 29, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Kenneth Still challenges the 24-month prison term the district court[1] imposed after revoking his supervised release. Still argues that the court erred in revoking his supervised release, that his sentence is unreasonable, and that his counsel was ineffective. Still's counsel has moved to withdraw, and Still has filed a pro se motion for reconsideration of this court's earlier denial of his motion for appointment of new counsel.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Upon careful review, we find that the district court did not abuse its discretion in revoking Still's supervised release.  See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated conditions of supervised release); United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) ("Given [defendant's] admission of the violation, we find no clear error in the district court's findings of fact supporting the revocation and no abuse of discretion in the decision to revoke.").  Furthermore, we conclude that the revocation sentence is not unreasonable.  See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)).  The sentence is within the statutory limits of 18 U.S.C. § 3583(e)(3), and the district court adequately considered the relevant 18 U.S.C. § 3553(a) factors.  See 18 U.S.C. § 3583(e) (before revoking supervised release and imposing sentence, court must consider specified factors in § 3553(a), including § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (court need only consider relevant matters, and need not make specific findings on each § 3553(a) factor); see also United States v. Lewis, 519 F.3d 822, 824-25 (8th Cir. 2008) (district courts need not consider effect of prior revocation prison sentences).

Last, we decline to consider Still's ineffective-assistance claim.  See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claim is more properly reviewed in habeas proceedings).

Accordingly, we grant counsel's motion to withdraw, deny Still's pending motion, and affirm.

_____