# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1310

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Marcus McIntosh, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 4, 2010
Filed: November 8, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Marcus McIntosh challenges the 18-month prison term the District Court[1] imposed after revoking his supervised release. McIntosh argues that (1) the District Court erred in revoking his supervised release because the sweat-patch test results presented by the government were unreliable and (2) his revocation sentence is unreasonable because it exceeds the applicable advisory Guidelines range and is inconsistent with 18 U.S.C. § 3553(a).

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

We first conclude that the District Court did not err in revoking McIntosh's supervised release because, notwithstanding his argument regarding the sweat-patch test results, he admitted at the revocation hearing that he violated his supervised-release conditions on several occasions. See 18 U.S.C. § 3583(e)(3) (stating that a court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated conditions of his supervised release); United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) ("Given [the defendant's] admission of the violation, we find no clear error in the district court's findings of fact supporting the revocation and no abuse of discretion in the decision to revoke [his] supervised release.").

We further conclude that McIntosh's sentence is not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (noting that revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)). McIntosh's sentence is within the statutory limits of 18 U.S.C. § 3583, and the District Court adequately considered the relevant 18 U.S.C. § 3553(a) factors. See 18 U.S.C. § 3583(e) (stating that before revoking supervised release and imposing sentence, a district court must consider specified factors in § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to § 3553(a)(1)); United States v. Franklin, 397 F.3d 604, 606–07 (8th Cir. 2005) (noting that a court need only consider relevant matters and need not make specific findings on each § 3553(a) factor); see also United States v. Gray, 533 F.3d 942, 943–44 (8th Cir. 2008) (observing that a district court is presumed to know the law and to understand its obligation to consider the § 3553(a) factors; in determining whether a district court considered the relevant factors, an appellate court reviews the entire sentencing record, not merely the district court's statements at the sentencing hearing).

Accordingly, we affirm. In addition, we grant counsel's motion to withdraw.

_____