KAREN NELSON MOORE, Circuit Judge,
dissenting.
The primary legal issue in this appeal is quite simple: when a district court sentences a defendant to a term of imprisonment that is above the recommended guidelines range, must it explain its reason for doing so? Congress and the Supreme Court have both said yes, see 18 U.S.C. § 3553(c)(2); Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), as has this circuit, see United States v. Grams, 566 F.3d 683 (6th Cir. 2009); United States v. Blackie, 548 F.3d 395 (6th Cir.2008); see also United States v. Peebles, 624 F.3d 344 (6th Cir.2010) (remanding for failure to calculate and address the guidelines range); United States v. Barahona-Montenegro, 565 F.3d 980 (6th Cir.2009) (remanding for failure to calculate the guidelines range and explain the sentence). Because the district court has failed to state why it imposed an above-guidelines sentence, the application of the law to the facts of this case cannot be debated. The majority, however, affirms nonetheless. I respectfully dissent.
A district court must explain why it has chosen a particular sentence, 18 U.S.C. § 3553(c), and, if that sentence is outside the recommended guidelines range, the court must also state “the specific reason for the imposition of a sentence different from that described [in the guidelines,]” 18 U.S.C. § 3553(c)(2). Failure to “adequately explain the chosen sentence-including an explanation for any deviation from the guidelines” is a clear procedural error. Gall, 552 U.S. at 51, 128 S.Ct. 586; see also Blackie, 548 F.3d at 400-01 (“A sentence imposed without complying with the requirements of § 3553(c) constitutes error.”); Grams, 566 F.3d at 685-88.
We have recognized that a district court’s explanation of its sentence permits “meaningful appellate review and the perception of a fair sentence.” Blackie, 548 F.3d at 401 (citing Gall, 552 U.S. at 50, 128 S.Ct. 586). In this case, however, review of the district court’s explanation is not possible because the district court did not give any explanation. It said absolutely nothing about why it was sentencing above the guidelines range. Indeed, we can only presume that the district court even considered the guidelines range because the court also failed to mention that. And although the majority believes that the twelve-month sentence included a “modest two-month variance,” Majority Opinion at 8, nothing in the record indicates that a variance was either on the mind or the tongue of the district judge. Clearly the district court did not comply with § 3553(e)(2), which constitutes reversible error. See Blackie, 548 F.3d at 400-01; Grams, 566 F.3d at 685-88.
Furthermore, the plain language of the statute provides that § 3553(c)(2) applies to supervised-release-revocation hearings. Congress explicitly applied § 3553(c)(2) to supervised-release-revocation proceedings by requiring an explanation for sentences that are “not of the kind, or [are] outside the range, described in subsection (a)(4).” 18 U.S.C. § 3553(c)(2). Subsection (a)(4), in turn, explicitly includes sentences for supervised-release violations and acknowledges that such violations have “applicable guidelines or policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3553(a)(4)(B). The plain statutory lan *971 guage thus applies § 3553(c)(2) to supervised-release-revocation proceedings.
This circuit has previously applied § 3553(c)(2) to supervised-release-revocation proceedings. See United States v. Johnson, 356 Fed.Appx. 785, 793-95 (6th Cir.2009) (unpublished opinion); United States v. Manning, 317 Fed.Appx. 517, 523-24 (6th Cir.2009) (unpublished opinion). At least six other circuits have done so, as well. See United States v. Miqbel, 444 F.3d 1173, 1177-78 (9th Cir.2006) (holding that § 3553(c)(2) applies to supervised-release-revocation proceedings); United States v. Lewis, 424 F.3d 239, 244-45 (2d Cir.2005) (same); United States v. Whitelaw, 580 F.3d 256, 261-62 (5th Cir. 2009) (holding that failure to comply with § 3553(c)(2) in a supervised-release proceeding constitutes error); In re Sealed Case, 527 F.3d 188, 193 (D.C.Cir.2008) (same); United States v. Tedford, 92 Fed. Appx. 738, 740 (10th Cir.2004) (unpublished order) (same); see also United States v. Silva, 443 F.3d 795, 799 (11th Cir.2006) (applying § 3553(c)(2) to probation-revocation proceedings). The 1994 amendments to § 3553(a)(4) support this approach, because Congress explicitly added supervised-release proceedings and their corresponding guidelines and policy statements to subsection (a)(4) while leaving § 3553(c)(2) — and its connection to “subsection (a)(4)” — unchanged. See Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322, Title XXVIII, § 280001, 108 Stat. 1796, 2095-96 (1994).
The two cases from the Eighth Circuit are distinguishable, because in those cases that court was considering a different question from the one presented here: whether § 3553(c)(2)’s requirement of a written statement of reasons for any sentence outside the guidelines range applies in supervised-release-revocation proceedings. See United States v. Cotton, 399 F.3d 913, 916 (8th Cir.2005); United States v. White Face, 383 F.3d 733, 738-39 (8th Cir.2004). In fact, in Cotton, the district court clearly did give “the specific reason” for exceeding the guidelines at the hearing; its only failing was in regards to the written-statement requirement. Cotton, 399 F.3d at 915 (noting that the district court stated “I’ve exceeded the guidelines for four reasons,” and provided those reasons). And in the context of a regular sentencing hearing, this circuit has recognized that a failure to comply with the written-statement requirement will not result in reversible error so long as the district court provides an oral explanation for an above-guidelines sentence. United States v. Williams, 396 Fed.Appx. 212, 220 (6th Cir.2010) (unpublished opinion). This is because the oral statement sufficiently provides for the perception of a fair sentence and for meaningful appellate review, id., neither of which can be said of the sentence here. Lastly, it is true that the Seventh Circuit, in an unpublished, two-page order on a motion to withdraw as counsel under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), held that § 3553(c)(2) does not apply to supervised-release-revocation proceedings. United States v. Garner, 133 Fed.Appx. 319, 320-21 (7th Cir.2005) (unpublished order). But given § 3553(c)(2)’s clear text, I do not find that court’s brief explanation persuasive. I also find it noteworthy that the Gamer court relied, in part, on the fact that no other circuit at that time — -just four months after Booker was decided — had reached the opposite conclusion. Id. The cases mentioned above, however, show this reliance to have been misplaced.
Any suggestion regarding what has been omitted from § 3583(e) is unpersuasive. Section 3583(e) permits revocation of supervised release only after the court has considered most, but not all, of the factors listed in § 3553(a). Section 3583(e) pro *972 vides that the court “may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),” terminate, extend, or revoke a term of supervised release, or order the defendant to be placed on home confinement. 18 U.S.C. § 3583(e). Clearly this list contains only § 3553(a) factors, and it relates only to what the court must consider and what types of sanctions the court may impose; this provision has nothing to do with what the court must explain. But this is not surprising given that § 3553(c) already addresses what a sentencing court must explain at supervised-release-revocation proceedings. Frankly, to derive meaning from the fact that § 3553(c)(2) was not mentioned in § 3583(e) implies a belief that Congress needed to enact § 3553(c)(2) twice before the section can apply once.
Nonetheless, the fact that Congress individually listed so many of the § 3553(a) factors in § 3583(e) does raise the question: what has been omitted from this list? Subtracting “section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)” from § 3553(a) reveals the answer: subsections (a)(2)(A) and (a)(3). And the content of these subsections demonstrates why they were omitted from § 3583(e).
The first, subsection (a)(2)(A), provides for consideration of the need for the sentence imposed “to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.” 18 U.S.C. § 3553(a)(2)(A). But as the Ninth Circuit explained in Miqbel, subsection (a)(2)(A)’s focus on the “seriousness of the offense” and providing “just punishment for the offense” makes the subsection inappropriate for consideration in a supervised-release-revocation proceeding. Miqbel, 444 F.3d at 1181-82. Primarily, this is because the Sentencing Commission has made clear that the revocation of a defendant’s term of supervised release is conceptually different from the punishment provided for criminal conduct; the former is properly understood as a “breach of trust” while the latter can result in a sanction only following a conviction in a separate criminal proceeding. Id. at 1182 (citing U.S. Sentencing Guidelines Manual, Ch. 7, Pt. A (2004)). As a result, where a defendant’s conduct constitutes both a violation of a supervised-release condition and a separate criminal offense, the court in a supervised-release proceeding should remain focused on imposing a sanction for the “breach of trust,” and should not consider the need to do what subsection (a)(2)(A) calls for — providing “punishment for the offense.” Id.
The second omitted provision, subsection (a)(3), provides for consideration of “the kinds of sentences available.” It would have been superfluous to have required the court in a supervised-release proceeding to consider this factor, however, because “the kinds of sentences available” in a supervised-release proceeding are listed in § 3583(e), itself. After considering the listed § 3553(a) factors, the court may, depending on the context, “(1) terminate a term of supervised release ...; (2) extend a term of supervised release ... and ... modify, reduce, or enlarge the conditions of supervised release ...; (3) revoke a term of supervised release ...; or (4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices[.]” 18 U.S.C. § 3583(e)(1)-(4). It is therefore quite understandable that Congress would have omitted subsection (a)(3), along with subsection (a)(2)(A), from the list of factors a court must consider in a supervised-release proceeding.
Malone argues that the district court “failed to adequately explain ... why a *973 sentence above the guideline range was necessary.” Malone Br. at 10; see also id. at 11-12. Because the district court did not give any indication that it knew of the recommended sentencing range or intended to impose an upward variance, much less an explanation of why it imposed a sentence above the recommended sentencing range, we cannot conduct meaningful appellate review and we must remand for resentencing.
With respect to the district court’s treatment of Malone’s request for a year-and-a-day sentence, the district court not only failed to provide an explanation in response to that request, but also importantly the district court did not permit Malone’s attorney even to finish his request, thereby demonstrating an unwillingness to consider the argument. The entire exchange was as follows:
[Malone’s attorney]: Your Honor, would the Court consider 12 months and one day to make him eligible for—
The Court: I think 12 months is just fine. Thank you.
R. 52 at 15-16. Even though “arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence,” United States v. Smith, 510 F.3d 603, 608 (6th Cir.2007) (internal quotation marks omitted), this was not such an argument. The requested sentence of one year and one day would have been to Malone’s benefit because the extra day would have made Malone eligible for good-time credit under 18 U.S.C. § 3624(b)(1). It would also have provided an incentive for good behavior in prison. See Barber v. Thomas, — U.S. -, 130 S.Ct. 2499, 2505, 177 L.Ed.2d 1 (2010). It is therefore clearly a non-fiivolous argument, deserving consideration and discussion by the district court. United States v. Gale, 468 F.3d 929, 940 (6th Cir.2006) (“When, on appeal, a defendant’s argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate.”).
I would vacate and remand for resentencing, and, therefore, respectfully dissent.