# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1267
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey S. Dixon

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 19, 2022
Filed: November 1, 2022
_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Jeffrey S. Dixon violated his supervised release. The district court[1] revoked, sentencing him to 21 months in prison. Dixon appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

# I.

Dixon suffered terrible abuse as a child. He turned to drugs and developed a significant criminal record. Most offenses involved methamphetamine possession, fleeing traffic stops, and high-speed vehicle chases. Dixon pled guilty to being a felon in possession of a firearm on June 17, 2015, and a federal district court sentenced him to 77 months in prison. At that original sentencing, the court considered, but did not admit into evidence, a handwritten letter where Dixon detailed his horrific abuse, explained how it led directly to his drug addiction and criminal record, and begged for help.

Dixon began supervision in November 2020. He struggled reacclimating to society. Although he started a business and, for a time, underwent substance-abuse and mental-health treatment, he never stopped using meth. In ten months, he violated his probation no less than 15 times, never lasting more than a month without testing positive for meth. He was arrested on October 13, 2021 for driving without a license. While in custody, he threatened to kill two United States Marshals if they did not release him to care for his sick mother.

The district court revoked his probation on January 20, 2022. A different judge presided at the revocation hearing than had presided at the original sentencing. Based on his death-threats to the Marshals, a grade B violation, the revocation court calculated his Sentencing Guidelines range at 21–24 months in prison. The government urged a top-of-the-guidelines sentence. The court imposed a bottom-of-the-guidelines 21-month sentence. Dixon appeals, claiming the court both committed procedural error by failing to consider the letter he sent before his original sentencing and also imposed a substantively unreasonable sentence.

## II.

To the extent Dixon argues that the district court committed procedural error by failing to review his letter, this argument, new on appeal, is subject to plain-error review. *See United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020); **Fed. R. Crim. P.** 52(b).

The revocation court did not commit plain error by failing to read Dixon's letter. Dixon did not ask the revocation court to consider it. He did not provide the information contained in the letter. He did not even mention its existence. He now argues that the district court erred by not learning of and hunting down the letter *sua sponte*. This court disagrees. The district court did not plainly err by failing to discover and consider the letter.

Nor did the newly assigned sentencing judge fail to "familiarize [herself] with the record in order to ensure that a sentence modification or revocation is consistent with the entire history of the case." *United States v. Michael*, 909 F.3d 990, 995 (8th Cir. 2018). The court read the Presentence Investigation Report (PSR)—which mentioned child abuse—and asked thoughtful questions about Dixon's substance-abuse treatment. It did not evince a "concern[ing]" unfamiliarity with basic facts about the defendant that counsel "pleaded with the judge" to consider. *Id.* at 993, 995. The revocation court's level of familiarity with the record did not constitute plain error.

## III.

Dixon also argues that his sentence was substantively unreasonable because the district court "failed to consider a relevant factor—the emotional, physical, and sexual abuse set forth in Mr. Dixon's letter to the original sentencing judge."

This court reviews the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008), *citing Gall v. United States*, 552 U.S. 38, 51 (2007). An abuse of discretion occurs when a court: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019). A sentence within the advisory guidelines range is presumptively reasonable. *United States v. Huston*, 744 F.3d 589, 593 (8th Cir. 2014)

Here, the district court did not abuse its discretion. It did not fail to consider a relevant factor. As discussed, it had no obligation to discover and consider the letter, and it was generally aware of Dixon's childhood abuse from the PSR. Moreover, the court's within-guidelines sentence is presumptively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____