# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-3026
_____

United States of America

*Plaintiff - Appellee*

v.

Shane A. Childers

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: March 13, 2023
Filed: April 27, 2023
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Shane Childers appeals the substantive reasonableness of his revocation sentence. We affirm.

In 2009, Childers pleaded guilty to three child sex offenses and was sentenced to 180 months' imprisonment and ten years of supervised release. He began a term of supervised release in 2021. A special term of supervised release prohibited him from associating with non-family members under 15 years of age without prior approval by a probation officer. A few months after commencing supervised release Childers began residing with his fiance. The probation officer learned Childers's fiance's 14-year-old son was staying at the residence every other weekend and had spent at least three weekends in the home with Childers. Childers initially denied, but later admitted, being present while the minor was in the residence.

The probation officer filed a report alleging violations of two conditions of supervised release: 1) a requirement to be truthful with the probation officer and follow the instructions of the probation officer, and 2) associating with a non-family member under the age of 15 without prior approval. The report was filed eight months after Childers was released.

Both parties agree the guideline range was three to nine months based on grade C violations and a criminal history category of I. The district court[1] revoked supervised release and sentenced Childers to 12 months' imprisonment.

Childers argues his above guideline range sentence is substantively unreasonable. In particular he argues the district court committed a clear error of judgment in weighing the factors. "This court reviews the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Dixon, 52 F.4th 731, 733 (8th Cir. 2022). A district court abuses its discretion if it: "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing them commits a clear error of judgment." Id.

Childers argues his sentence is substantively unreasonable because he had begun a sponsorship program that would have allowed him to seek approval from the probation officer to have contact with the minor. Childers also argues he had followed all other conditions of supervised release. According to Childers, it was a clear error of judgment for the district court not to weigh his sponsorship program participation more heavily.

We disagree. All factors presented on appeal were presented to the district court. There is no allegation the district court considered any improper factor. Finally, it was not a clear error of judgment for the district court to weigh factors differently than urged by Childers.

Accordingly, we affirm the judgment of the district court.

_____