# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2633
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Lynn Orr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: January 8, 2024
Filed: March 12, 2024
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jeremy Orr pleaded guilty to receiving and distributing child pornography, 18 U.S.C. § 2252(a)(2). Not two weeks into his supervised release, his probation officer found an unauthorized smartphone in his car and a gun in his apartment. The district court[1] revoked his supervised release and sentenced him to 24 months

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

in prison and 20 years of supervision, reimposing the conditions of his original sentence.

Orr argues that two special conditions involve a greater deprivation of liberty than reasonably necessary and are unconstitutionally vague and overbroad: the prohibitions against (1) possessing any pornographic or erotic material and (2) possessing or using any electronic device with internet access. But his challenge comes too late because he did not object when the conditions were first imposed. United States v. Simpson, 932 F.3d 1154, 1156 (8th Cir. 2019) ("[Defendant's] objection to the court reimposing old supervised release conditions amounts to an improper collateral attack of the underlying sentence.").

We are also satisfied that Orr's within-Guidelines supervised release term is substantively reasonable. United States v. Dixon, 52 F.4th 731, 733–34 (8th Cir. 2022) (reviewing for abuse of discretion). The district court presided over both Orr's initial and revocation sentencings, so it was aware of the underlying offense conduct and his history of substance abuse and mental health struggles. See United States v. Miller, 557 F.3d 910, 917–18 (8th Cir. 2009). And it worried that a man who had sex with a 14-year-old girl and shared pornography of her online would act again. See 18 U.S.C. § 3553(a)(2)(C) (courts must consider the need "to protect the public from further crimes of the defendant"). The court had "wide latitude to weigh the § 3553(a) factors" and arrived at a reasonable sentence. United States v. Barber, 4 F.4th 689, 692 (8th Cir. 2021) (per curiam); 18 U.S.C. § 3583(e). That Orr wishes things had shaken out differently is no reason to find an abuse of discretion.

We affirm the district court's judgment.

_____