# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3412
_____

United States of America

*Plaintiff - Appellee*

v.

Tyler John Minor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: June 10, 2024
Filed: August 16, 2024
[Unpublished]
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In 2020, Tyler Minor pled guilty to unlawfully possessing a firearm as a felon and was sentenced to 27 months of imprisonment and three years of supervised release. After his release from imprisonment in 2022, he violated multiple conditions of his supervised release by failing to participate in substance abuse testing, using a controlled substance, associating with someone engaged in criminal

activity, failing to report, and failing to comply with Residential Reentry Center (RRC) rules. Accordingly, a district court revoked his initial term of supervised release and sentenced him to eight months of imprisonment followed by two years of supervised release.

Minor's second term of supervised release began on July 28, 2023. But he again violated the conditions of the supervised release, this time by failing to comply with substance abuse treatment and testing and failing to comply with RRC rules. The probation office recommended revocation and a sentence of at least 12 months of imprisonment with no term of supervised release to follow. The district court[1] revoked the term of supervised release and sentenced Minor to 16 months of imprisonment.

Minor appeals the most recent revocation of his supervised release, arguing the district court erred by (1) concluding Minor violated the terms and conditions of his supervised release and (2) imposing 16 months of imprisonment for the violations. We affirm the district court.

"We review a district court's decision to revoke supervised release for an abuse of discretion and the court's underlying 'factual findings as to whether a violation occurred' for clear error." *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) (quoting *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir. 2007)). Where a defendant admits to his violations, we have found "no clear error in the district court's findings of fact supporting the revocation and no abuse of discretion in the decision to revoke [a defendant]'s supervised release." *United States v. Edwards*, 400 F.3d 591, 592 (8th Cir. 2005) (citing 18 U.S.C. § 3583(e)(3)).

Here, during his revocation hearing, Minor admitted he failed to attend a substance abuse evaluation and report for a random urinalysis. Minor also admitted

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

he did not comply with RRC rules. Specifically, the district court discussed an incident where "a small bag" containing a white substance fell out of Minor's pant leg during a pat-down search at the RRC. When the officer directed Minor to hand over the bag, Minor admitted he "did not," but instead ran into the bathroom and flushed the bag down the toilet. Because Minor admitted to these violations, the district court committed no clear error in making its findings of fact, and it did not abuse its discretion in revoking Minor's supervised release. *See Edwards*, 400 F.3d at 592.

We next review the district court's decision to impose a revocation sentence of 16 months. We review the reasonableness of a revocation sentence for abuse of discretion, which occurs "when a court: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Dixon*, 52 F.4th 731, 733 (8th Cir. 2022).

Here, the district court carefully considered and discussed the applicable 18 U.S.C. § 3553(a) factors, as required by 18 U.S.C. §§ 3553(c) and 3583(e). For example, it considered Minor's prior supervised release violations, his criminal history, and his "assaultive, threatening behavior." It heard about Minor's history of "horrendous" behavior at RRCs in the past, including altercations where Minor was verbally abusive towards RRC staff. Additionally, the district court found Minor lied not only to his residential officer and his probation officer, but also to the court during the revocation hearing.[2] Hence, the district court did not abuse its

---

[2]During the revocation hearing, Minor maintained the small bag he hid in his pant leg contained tobacco products. But as the district court noted, it "makes no sense to run and flush tobacco down the toilet" because he would not get revoked for bringing tobacco into the RRC. Additionally, an officer observed the bag contained a "white substance."

discretion when it found "the appropriate disposition here is above the advisory guidelines."

For the foregoing reasons, we affirm the district court.

_____