# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2101
_____

United States of America

*Plaintiff - Appellee*

v.

Cody Newitt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: November 18, 2024
Filed: February 21, 2025
[Unpublished]
_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Cody Newitt appeals, asserting the 9-month revocation sentence imposed by the district court[1] is substantively unreasonable. Newitt was initially released to

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

supervision on August 2, 2023, following completion of a 36-month term of imprisonment for being a prohibited person in possession of a firearm.

His term of supervised release was revoked on January 3, 2024, for unlawful use of marijuana, methamphetamine, and fentanyl. The district court sentenced him to a term of 3 months' imprisonment, followed by 24 months' supervised release. Eight days after Newitt was released to supervision, his probation officer petitioned to revoke his supervision. The petition alleged five violations of supervised release conditions.

At the revocation hearing, Newitt admitted to two Grade C violations—marijuana use and failure to participate and reside at a residential reentry center. With his Category IV criminal history, these violations resulted in an advisory Guidelines range of 6 to 12 months' imprisonment. While Newitt requested a below-Guidelines sentence of 3 months, the district court imposed a within-Guidelines sentence of 9 months' imprisonment to be followed by a 24-month term of supervised release. Newitt challenges the reasonableness of his sentence.

We review the district court's revocation sentence under a deferential abuse of discretion standard. United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (per curiam). A court abuses its discretion and imposes a substantively unreasonable sentence if it: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers the appropriate factors but commits a clear error of judgment in weighing them. United States v. Ali, 799 F.3d 1008, 1033 (8th Cir. 2015). A within-Guidelines sentence is presumptively reasonable. United States v. Dixon, 52 F.4th 731, 734 (8th Cir. 2022).

Newitt contends the district court failed to properly weigh the job offer from his previous employer and the minor nature of his violations. The record reflects that Newitt's counsel raised the employment offer during the sentencing hearing and that the district court recognized Newitt's violations were Grade C offenses. We

presume that the district court considers matters presented to it at sentencing. United States v. Grimes, 702 F.3d 460, 471 (8th Cir. 2012). To establish substantive unreasonableness, Newitt "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). The record shows that the district court considered Newitt's mitigating evidence. His challenge is no more than a disagreement with the district court's presumptively reasonable sentence. We find no abuse of discretion, and we affirm.

_____